UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                       :
UNITED STATES OF AMERICA          :
                                                       :
          - v. -                             :        Crim. No. 04-446 (TFH)
                                                        :
PEDRO ANTONIO MARIN,            :
     a/k/a "Manuel Marulanda Velez,"  :
     a/k/a "Tirofijo," *et al.*,            :
                                                      :
                      Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
JORGE ENRIQUE RODRIGUEZ MENDIETA'S MOTION TO COMPEL DISCOVERY

        The United States respectfully submits this Memorandum of Law in opposition to defendant Jorge Rodriguez Mendieta's Motion to Compel Discovery and Memorandum In Support Thereof, filed May 16, 2009 [Docket No. 107] (the "Rodriguez Motion to Compel Discovery").

**STATEMENT OF FACTS**

        On April 24, 2009, the defendant Jorge Rodriguez Mendieta ("Rodriguez") asked the Court to compel the Government to respond to Rodriguez's request for a bill of particulars. (*See* Defendant Rodriguez' Motion to Dismiss Count One [As Duplicitous], or in the Alternative, Motion For Bill of Particulars, filed April 24, 2009 ("Rodriguez Motion for Bill of Particulars")). On May 16, 2009, Rodriguez filed the instant motion, seeking to compel discovery of the same materials sought in his motion for a bill of particulars. (See Rodriguez Motion to Compel Discovery at 1).

On May 29, 2009, the Government filed a memorandum of law in opposition to the defendants' motions, including the Rodriguez Motion For Bill of Particulars and Rodriguez Motion to Compel Discovery. (*See* Government's Memorandum of Law in Opposition to the Pre-Trial Motions of Defendants Jorge Enrique Rodriguez Mendieta, Erminso Cuevas Cabrera and Juan Jose Martinez Vega, filed May 29, 2009 (referred to herein as the "Government's Omnibus Opposition Brief" or "Govt. Omnibus Opp. Br." at 38-50.) As noted in the Government's Omnibus Opposition Brief, the Rodriguez Motion to Compel Discovery seeks substantially the same relief sought in the Rodriguez Motion For Bill of Particulars and should be denied for the same reasons. (See Govt. Omnibus Opp. Br. at 38, n.10.)

On July 7, 2009, at a hearing on the defendants' motions, the Court instructed the Government to respond to the Rodriguez Motion to Compel Discovery by July 21, 2009. (*See United States* v. *Marin*, Cr. 04-446, Transcript of Hearing on July 7, 2009, at 139-140).[1] The Court noted that the Motion to Compel Discovery was essentially identical to the Motion for Bill of Particulars. (July 7, 2009 Tr. at 139-40). This opposition brief incorporates by reference the Government's Omnibus Opposition Brief and, for the reasons stated therein as well as the reasons stated below, the Court should deny the Rodriguez Motion to Compel Discovery.

**ARGUMENT**

**I.    THE COURT SHOULD DENY THE RODRIGUEZ MOTION TO COMPEL DISCOVERY**

The Rodriguez Motion to Compel Discovery is identical to Rodriguez's Motion for a Bill of Particulars. In his motion to compel discovery, Rodriguez uses precisely the same chart that is used in the defendant's request for a bill of particulars. (See Motion to Compel

---

[1] As described above, the Government summarily responded at footnote 10 of its Omnibus Opposition brief. This memorandum seeks to provide a more detailed response.

Discovery at pp. 6-9 and Motion for Bill of Particulars at 5-8) . The chart lists several categories of information based on paragraphs in the Indictment and seeks, among other things: the exact date and location for events which are described in paragraphs 17 to 35 of the Indictment; the source of information for the FARC's role in producing 60 percent of the cocaine that is sent to the United States; the date and location for almost every overt act listed in the Indictment for these three defendants, as well as additional information pertaining to these overt acts such as the identity of recipients of cocaine described in the overt acts, any subsequent action taken after an order was given by the FARC leadership, names of the farmers or *campesinos* who were involved in cultivating coca base for the FARC, as well as the names of people killed by the FARC and the names of transporters who assisted the FARC in the movement of cocaine and arms. In short, Rodriguez's discovery motion seeks, long before the trial date, the exhibits and witnesses the Government intends to offer to prove each of the allegations in the Indictment in the order listed in the 42-page Indictment. The information that has been provided by the Government in the Indictment and the discovery materials already far exceed the Government's discovery obligations under Rule 16.

      **A.**      **Applicable Law**

Rodriguez seeks to compel discovery of the items specified on his chart on the grounds that the items are either "material to the defense," pursuant to Rule 16(a)(1)(E)(i) or Brady material. (See Motion to Compel Discovery at p. 2). The Government is aware of its Brady obligations and to the extent the Government becomes aware of such materials the Government will comply with its obligations.

The Government has and continues to comply with its Rule 16 discovery obligations. Rule 16 (a)(1)(E) of the Federal Rules of Criminal Procedure provides for

disclosure of documents and objects if any one of three situations exists: (a) the defendant shows that disclosure of the document or tangible object is material to the defense, (b) the government intends to use the document or tangible object in its presentation of its case in chief, or (c) the document or tangible object was obtained from or belongs to the defendant.  To be material to the defense, the document or object must relate to an argument in response to the Government's case in chief.  *United States* v. *Armstrong*, 517 U.S. 456, 462-63 (1996)(Rule 16 does not provide for discovery of documents relevant to defendant's selective prosecution claim).  To the extent the items referenced on Rodriguez's chart are contained in documents, the documents in the custody of the Government have been produced in discovery.

      **B.**      **Discussion**

      The defendants have been provided extensive discovery that provides many of the details – to the extent contained in a document – that Rodriguez seeks in his discovery requests.  Rodriguez claims that "with the exception of [witness statements and the work product of attorneys and agents in connection with the investigation], upon specific request, a defendant is entitled to examine the bulk of the material in government files that bear on a criminal prosecution." (Id. at p. 4).  Rodriguez has overstated the Government's Rule 16 obligations.  The Government has provided and will continue to provide the defendants documents and objects as they are received from Colombia or other sources that are material to the defendants.  In fact, the Government has produced to Rodriguez and his co-defendants nearly all of the documents received from the Colombian Government to date.  While all of those documents have not been translated, the Government has provided Rodriguez an electronic copy of those documents on a compact disc that can be searched electronically.  The Government is certainly not obligated to marshal its trial evidence for the defendants to comply with its Rule 16 discovery obligations.

Nevertheless, the 42-page Indictment, the extensive discovery materials — including the extradition affidavits, approximately 1,000 pages of translated documents, and thousands of recorded conversations — provide the defendants with detailed information relating to the conduct with which they are charged.  For example, the Indictment contains detailed descriptions of how the conspiracy operated and the more than 50 overt acts provide details regarding many of the issues about which the defendants complain they lack information.  (See Govt. Omnibus Br. at pp. 42-46).  The Government also produced the extradition documents for each of the three defendants and extensive document discovery.  The extradition documents include affidavits by both a government prosecutor and the DEA case agent which clearly set forth particulars regarding the charges against the defendants.  Collectively, the Indictment, the extradition affidavits and the discovery which has been provided contains more than ample information such that the defendants are sufficiently informed of the charges against them.

Finally, to the extent that the defendants seek additional information that can only be described as the specific details of the Government's proof at trial, including the names of people who received cocaine from the FARC or the names of *campesinos* who supplied coca paste to the FARC or helped the FARC in other ways, as well as the specifics of each overt act which the Government will prove at trial, the Indictment and the discovery, as set forth above, provide ample notice of the specifics of the charges.  The defendants' attempts to learn evidentiary details and the identities of these cocaine recipients and *campesinos* should be rejected.  Ultimately, the defendants' discovery requests seek much more detailed information than that to which they are entitled under Rule 16.

In sum, for all of the foregoing reasons, the defendants' motion to compel discovery should be denied.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's Motion To Compel Discovery in its entirety.

Dated:   New York, New York
  July 21, 2009

Respectfully submitted,

By:   ___/s_____
  RANDALL JACKSON
  ERIC SNYDER
  PABLO QUIÑONES
  Special Assistant United States Attorneys
  for the United States of America.